UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY PERRY,<br><br>   Plaintiff,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>   Defendants. | Case No. 15-cv-03629-RS<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Vicky Perry initiated this action in Contra Costa County Superior Court on August 5, 2015. The gravamen of Perry's complaint is that defendants allegedly are engaged in a wrongful effort to conduct a non-judicial foreclosure sale of her residence. Perry alleges that defendants first gave notice that a Trustee's sale would be conducted in July of 2013, and later gave notice of a sale to be held in November of 2014.

Defendants removed the action to this court on August 7, 2015. In the more than two months that have elapsed since then, Perry has filed an amended complaint, and opposed a motion to dismiss the amended complaint and a motion to expunge a *lis pendens* she recorded in connection with this matter. Those motions are presently set to be heard on November 5, 2015. Today, Friday, October 9, 2015, Perry filed a motion for a temporary restraining order ("TRO") seeking to enjoin a trustee's sale that she asserts is now set for the next court day, Tuesday,

October 13, 2015.[1]  Perry's motion does not disclose when the sale date was set, but presumably it is the latest in a series of continued dates flowing from the notice given in October of 2014.  *See* Cal. Civ. Code § 2924g (c) (authorizing continuances up to a total of 365 days from original sale date).  Regardless of exactly when the October 13, 2015 date was set, it is not plausible that Perry has not been aware of a scheduled sale date during the entire period this action has been pending.  She has offered no explanation for not seeking relief sufficiently in advance of the sale date to permit a reasonable time for opposition to be filed, and the matter to be heard and considered as an application for a preliminary injunction.  *See Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.")

Even assuming Perry's motion should not be denied for lack of diligence alone, she has failed to establish that a temporary restraining order is warranted.  A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction.  *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co*., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Thus, as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain preliminary relief, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 21-22.  The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale."  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.").  As quoted in *Cottrell*,

---

[1] Given defendants' pending motion to expunge the *lis pendens*, it may be that they intend to postpone the sale until that issue has been resolved.  Perry provides no information regarding any efforts counsel may have made to determine whether this application was necessary, or whether a stipulation could be reached to extend the sale date at least until the pending motions are decided.

that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id.* at 1135.

Here, Perry's claims are brought under legal theories that have been repeatedly rejected. *See*, *Vasquez v. U.S. Bank*, *N.A.*, 2015 WL 5158538, at *3-6 (N.D. Cal. Sept. 2, 2015) (collecting cases, including specifically authorities declining to follow *Glaski v. Bank of America*, N.A., 218 Cal.App. 4th 1079 (2013), the primary case on which Perry relies.)  As *Vasquez* explains, "[b]orrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process" but "[s]uch challenges are almost universally dismissed." *Id.* at *3. Claims based on alleged invalidity of signatures on assignment documents are likewise generally not tenable. *Id.* at *6 (noting the Northern District's "prevailing view" that "plaintiffs do not have standing to contest the validity of signatures on assignment documents because they are harmed by their own defaults on their mortgage obligations, not by fraudulent assignments.")

To the extent Perry may be intending to assert different or additional claims and theories beyond those routinely rejected, her failure to present her request for relief in a more timely fashion precludes further consideration of any such distinctions.  Accordingly, Perry has made an inadequate showing on the merits to warrant preliminary relief.

**IT IS SO ORDERED**.

Dated:  October 9, 2015

_____
RICHARD SEEBORG
United States District Judge

Order Denying Motion for TRO
Case No. 15-cv-03629-RS

3