UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY PERRY,<br><br>  Plaintiff,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-03629-RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO EXPUNGE *LIS PENDENS* WITHOUT PREJUDICE** |

Plaintiff Vicky Perry alleges defendants are engaged in a wrongful effort to conduct a non-judicial foreclosure sale of her residence. When defendants moved to dismiss the original complaint, she elected to file an amended complaint, which set out certain additional claims for relief but which did not substantially modify or supplement the factual averments. Defendants[1] now move to dismiss the complaint and to expunge the *lis pendens* she has recorded in connection with this proceeding. Pursuant to Civil Local Rule 7-1(b) the motions are suitable for disposition without oral argument, and the hearing set for November 5, 2015 is vacated.

As explained in the order denying Perry's application for a temporary restraining order, her

---

[1] Defendant Bank of America has not appeared and is not party to the present motions. There is no indication that it has been served. Perry is directed to serve Bank of America, or to submit proof she has already done so, in the event she intends to proceed against it. Otherwise, Perry is instructed to file a dismissal as to Bank of America.

claims are all brought under legal theories that have been repeatedly rejected.[2]  *See, Vasquez v. U.S. Bank, N.A.*, 2015 WL 5158538, at *3-6 (N.D. Cal. Sept. 2, 2015) (collecting cases, including specifically authorities declining to follow *Glaski v. Bank of America, N.A.*, 218 Cal.App. 4th 1079 (2013), the primary case on which Perry relies.)  As *Vasquez* explains, "[b]orrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process" but "[s]uch challenges are almost universally dismissed." *Id*. at *3.  Claims based on alleged invalidity of signatures on assignment documents are likewise generally not tenable. *Id*. at *6 (noting the Northern District's "prevailing view" that "plaintiffs do not have standing to contest the validity of signatures on assignment documents because they are harmed by their own defaults on their mortgage obligations, not by fraudulent assignments.")  Other than urging the court to follow *Glaski* and other authorities that do not represent the law as applied in this district, nothing in Perry's briefing offers a basis to reach a different result in the circumstances here.

Accordingly, the motion to dismiss must be granted.  Although it appears unlikely that Perry will be able to cure the defects in her pleading, she will be given leave to amend.  In any subsequent pleading motion practice, Perry should focus on any factual allegations she can offer in good faith that might take this case outside those challenges to the securitization process and document signing procedures that routinely are subject to dismissal.

Defendants further seek expunge the *lis pendens* Perry has recorded against the property. Under California law, a court "shall" expunge a *lis pendens* if it finds either that "the pleading on which the notice is based does not contain a real property claim," Cal. Civ. Proc. § 405.31, or that "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim," Cal. Civ. Proc. § 405.32 (emphasis added). "Unlike most other motions . . . the burden is on the party opposing the motion [to expunge] to show the existence of a real property claim." *Kirkeby v. Superior Court*, 33 Cal.4th 642, 647 (2004) (citing Cal.Civ.Proc.Code

---

[2] A negligence claim asserted against Bank of America is not implicated by these motions, as it is not asserted against the moving defendants and would not serve as a basis for a *lis pendens* even if otherwise viable.

§ 405.30). "Probable validity" means that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 824 (9th Cir.1995). A real property claim is a cause of action "which would, if meritorious, affect . . . title to, or the right to possession of, specific real property...." Cal.Civ.Proc.Code § 405.4.

While there is little doubt that Perry is attempting to pursue claims that would affect title to real property, her current pleading is defective, as set out above. In light of the fact that she has been afforded an opportunity to amend, however, the motion to expunge will be denied at this juncture, without prejudice. If after any amended complaint is filed, defendants still believe Perry will be unable to meet her burden to establish the probable validity of a real property claim, defendants may renew the motion to expunge.

If she has a good faith basis to do so, Perry may file an amended complaint within 20 days of the date of this order. The Case Management Conference is hereby continued to January 21, 2016 at 10:00 a.m.

**IT IS SO ORDERED**.

Dated: November 3, 2015

_____
RICHARD SEEBORG
United States District Judge