UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICKY PERRY,

         Plaintiff,

   v.

SELECT PORTFOLIO SERVICING, INC., et al.,

         Defendants.

Case No. 15-cv-03629-RS

**ORDER OF DISMISSAL**

On February 10, 2016, plaintiff and the remaining defendant in this action, Bank of America, jointly represented that a settlement had been reached. (Dkt. No. 61) Plaintiff was then twice ordered to either dismiss the action or appear and show cause why it should not be dismissed. (Dkt. Nos. 62 and 64). She was explicitly advised that failure to comply with those orders could result in dismissal without further notice. Plaintiff did not file a response or appear at the hearing on the order to show cause. Accordingly, for good cause, this action is hereby dismissed.

As a separate and independent ground for dismissal, Bank of America's motion to dismiss is hereby granted. Bank of America has shown that the only remaining claim[1] —for alleged

---

[1] An order granting a prior motion to dismiss brought by other defendants noted that technically the claims against the Bank were not before the Court in that motion, but that absent some difference in circumstances, the other claims would all fail against the Bank as well. The present motion assumes there are no such differences, and plaintiff does not suggest otherwise. Accordingly, to the extent any of the other claims were not yet dismissed as to the Bank, they hereby are.

negligence in its handing of a loan modification application—is barred by the applicable statute of limitations.[2]  Plaintiff does not dispute that negligence claims such as this are ordinarily governed by a two year limitations period, or that her action was filed long after that period expired.  Instead, she argues that there is an "exception" that applies to "actions for recovery of real property."  Indeed, such actions are governed by California Code of Civil Procedure § 318, and must be brought within five years of the time "plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question."  The remaining claim against the Bank, however, is not an action for recovery of real property.  Rather, it seeks damages for the Bank's alleged negligence in handling plaintiff's 2009 loan modification.  Accordingly, the claim is time-barred and must be dismissed on that basis as well.

**IT IS SO ORDERED**.

Dated: April 8, 2016

_____
RICHARD SEEBORG
United States District Judge

---

[2]  The Bank cites to California Code of Civil Procedure §335.1, which provides for a two-year limitation period in actions for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."  This language has been held to include "all infringements of personal rights as opposed to property rights," *Simmons v. Edouarde*, 98 Cal. App. 2d 826, 828 (1950), and likely does not apply here.  The "catch-all" provision for torts not otherwise specified, however, also sets a two-year limitations period.  See California Code of Civil Procedure §339(1).